ROSENBERRY, Recr v TAYLOR

ROSENBERRY, Recr v WILLIAMS

Ohio Appeals, 8th Dist, Cuyahoga Co Nos 10150 & 10149. Decided Nov 25, 1929

Warren M. Briggs, Cleveland, for Rosenberry.

M. C. Portman, Cleveland, for Taylor & Williams.

VICKERY, PJ.

Now it is admitted by counsel for the plaintiff in error that this was a trust fund, that a trust was created; but it is claimed that inasmuch as this fund was commingled and mixed with the assets of the Hydraulic Develpoment Company and could not be traced, that it had lost its identity as a trust fund and, therefore, while the plaintiff below was entitled to a judgment against the receiver for the amount, he came in only as a general creditor and was not entitled to a preference; and that is the issue to be decided in this court, the Common Pleas Court holding that it was a trust fund and that the plaintiff below had the right to follow that fund and had a preference and that if there was enough money in the receiver's hands to pay it, it should be paid before any other amount that was owing.

We are familiar with the maxim of equity that equity regards that as done which ought to have been done, and it is argued in this case that the Hydraulic Development Company should have set this fund apart and, therefore, in equity they did set it apart. The trouble with that reasoning is, while admitting the soundness of the maxim, yet in this case there was to be no setting apart of this fund, because if the Hydraulic Development Company had gone on in business and Williams had broken his contract, this money would have belonged to the Hydraulic Development Company as liquidated damages. Therefore, it was not intended by either party to keep this a separate and distinct fund, but the depositing of this money with the Hydraulic Development Company simply created a relation of debtor and creditor between these two parties, and the plaintiff was not entitled to a preference out of the money in the hands of the receiver.

We are constrained to come to this conclusion and in doing so, we follow a very able decision of the Ninth District Court of Appeals,—opinion by Judge Washburn, —in the case of **Ohio State Banking and Trust Company vs. Biltwell Tire and Rubber Company, 22 O. L. R. 322, (2 Abs. 205),** where Judge Washburn discussed the question at length to the effect that inasmuch as the fund could not be traced, the party who deposited the fund was relegated to the position of a general creditor.

This ruling is likewise sustained by 26 Ruling Case Law, page 1354, Section 218 of the Article on Trusts, where the whole matter is ably and capably discussed.

Therefore, we can come to no other conclusion than that the plaintiff in error as receiver was wrongfully ordered to pay this money as a preference and the judgment of the court must, therefore, be reversed, and the same ruling will apply in both cases. It is admitted that the fund cannot be traced nor any product realized from said fund and, therefore, it comes squarely within the decisions above cited and the judgment of the Common Pleas Court so far as it makes this a preference must be reversed.

Sullivan and Levine, JJ., concur.